Hat,s, Judge
 

 TJie 32d section of the act of
 
 1777,
 
 ch, 2, declares, “ That when any person or persons, either Plaintiff or .Defendant, shall be dissatisfied with the sentence, judgment or decree of any County Court, lie may pray an appeal from such sentence, judgment or decree, to the. Superior Court of Law of the District wherein such Comity Court shall he.” This is á very general expression, and would seem to authorise an appeal in every case whatever that can come before, a County Court, unless the appeal be taken away. It is true, that in some instances, where by subsequent acts the jurisdiction of the County Courts has been increased, the right of appeal has been cxe;\r;.-.]y1j8fem by such acts ; and the act which gives the Court jurisdiction of the case now before us, as well as seme others, is silent with respect to appeals ; and this ciro; instance is much relied on. We appro,;'-m! (hat the. .Legislature, by giving the right; of appeal in (hose acts, did so from abundant caution. Certainly no argument can be drawn from the reason of the thing against an appeal in the present case. It is a dispute about property, and it is of as much consequence that, justice should he legally administered in this case as in any other. The expression in the act of 1777, is so general as to embrace all cases that can come before a County Court, whether it had jurisdiction of them at the time of the passage of that act, or acquired it since, •‘«.pposc the Legislature had not given an appeal in express terms by the act of 1783, ch. 2, which gives to the County Courts jurisdiction in actions of ejectment; would there not. be as great or greater reasons why there, nhouM he appeals in such cases, than in actions of which
 
 *57
 
 jurisdiction was given to them by the act of
 
 1777,
 
 ch.
 
 %
 
 ? The Legislature did not think proper at first to trust them with the trial of actions of ejectment, on account of their difficulty: but since they have given to. them jurisdiction of such actions, the reason is stronger why there should be an appeal. Were not this reasoning correct, it would be difficult to qay on what principle this Court have at this term decided the case of the State
 
 v.
 
 Washington, (a slave.)5’ In that case, the County Court refaded to grant an appeal: the owner of the slave stated that fact on afiidavit, and prayed, from one of the Judges of the Superior Courts, -a writ of
 
 cer-tiorari,
 
 which was granted. A question was made upon the return of this writ, and sent to this Court for decision, Whether an appeal in that case was a matter of right ? and this Court decided in the affirmative. At is worthy of remark, that neither of the acts of Assembly which relate to the trial of slaves, gives an appeal from, the County to the Superior Court in such cases. The decision had for its basis, the wide and general expression used in the act of
 
 1777,
 
 authorising appeals from every sentence, judgment or decree, of the County Courts. It is true, that in that case, one
 
 of
 
 the Court dissented' from the opinion delivered, not because the clause in the act of
 
 1777,
 
 was not broad enough to comprehend the case, but for reasons drawn from the different acts of Assembly relating to the trial of slaves.' In an anonymous case, reported in 1
 
 Hayw. 457,
 
 that came before the Court by way of appeal from an order of the County Court, authorising one of the parties to keep a ferry, no question seems to have been made, nor doubt entertained by the Bar or Bench, as to the legality of such appeal. Other cases might be shewn, from which we might infer what the opinions of other Judges were, who have gone .before ns, although the question was not made and solemnly decided by them. In the case of
 
 Hawkins
 
 v.
 
 The County of Randolph,
 
 (1
 
 Murphey
 
 118,) brought to this
 
 *58
 

 Court some
 
 terms
 
 ago
 
 from the Superior Court of Hills-borough, where the quesiion was, "Whether a party dissatisfied with the order of a County Court relative to a road, h.ad the right of appealing ? it was urged, that there was no person to whom bond with security could be given for prosecuting the appeal with
 
 effect;
 
 but i(\ was answered, that if a party fias the right to appeal, it is
 
 tW&
 
 duty of the County Court, although there be but one party to an order made by them relative to ax road or ferry, to point out the mode in which
 
 security for
 
 the appeal shall be taken ; for if the act be substantially complied with, it is sufficient. By the act of 1762, ch. 5, any person dissatisfied with any order made by the County Court relative to a guardianship, with which he may have been interested, or to which he may think himself entitled, lies the right of appealing, and yet he is directed to give bond with security for prosecuting his appeal with effect. The same inconvenience would apply in that case ,• there
 
 is
 
 no person, or
 
 there may be no
 
 person but one interested in or a party to such order. But it is the duty of the Court to comply with the act, by directing the manner and form in which such bond shall be taken. , And so it is in the case before
 
 us.
 
 If, however, that objection be good, it cannot apply here $ for there arc two parties before the Court, one of whom has appealed, and from whom bond has been taken.
 

 It may be said, that the County Courts are better judges of roads, ferries,
 
 &c.
 
 in their several counties, than the Superior Courts $ that questions arising upon the acts of Assembly, which regulate them, are generally questions of fact, of expediency, of convenience or inconvenience to the people of the county. Be it so : when such be the questions, the Superior Courts .will interfere very reluctantly. But it must be admitted, that questions of Law will sometimes arise also. Besides, has not experience-taught us, that an unpopular, obscure individual, though he may have the better side of the ques
 
 *59
 
 tion, lias too much cause to dread a conflict with a wealthy, popular antagonist. But
 

 By aXiXj the other Judges. — it was decided in this Court, at June term, 1806, in the case of
 
 Hawkins
 
 v.
 
 The County of Randolph,
 
 (1
 
 Murphey
 
 118,) that- an appeal would not lie from an order of the County Court disallowing a petition for laying out a road. This case is not distinguishable in principle from that. The appeal must be dismissed.
 
 *
 

 *
 

 In 1813, the General Assembly passed an act amending the acts relative to the laying out of roads and the establishment of ferries. This act prohibits the County Court-from laying- out any public road, or establishing any ferry, unless upon petition in writing of one or more persons in Court filed, and notice thereof given to all persons, over whose lands the road proposed to be laid out, is to pass, or to the person whose ferry theretofore established shall be within two miles of the place at which the petition prays another ferry to he established. This act gives the right of appeal to any person dissatisfied with the judgment, sentence or decree, which Uk- County Court shall pronounce upon such petition.